AO 245B (Rev. 02/18)   Judgment in a Criminal Case
          Sheet 1

# UNITED STATES DISTRICT COURT

### Eastern District of Pennsylvania

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
| v. | ) | |
| KHALEEF HUSKEY | ) | Case Number:  DPAE2:20CR00219-2 |
| | ) | USM Number:  70005-006 |
| | ) | Kathleen Gaughan, Esq. |
| | ) | Defendant's Attorney |

## THE DEFENDANT:

☑ pleaded guilty to count(s)     1,4,5

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:1951(a) | CONSPIRACY TO COMMIT ROBBERY WHICH INTERFERES WITH INTERSTATE COMMERCE | 1/14/2020 | 1s |
| 18:2119;18:2 | ROBBERY WHICH INTERFERES WITH INTERSTATE | 1/14/2020 | 4s |

   The defendant is sentenced as provided in pages 2 through ___9___ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is  ☐ are dismissed on the motion of the United States.

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

4/6/2022
Date of Imposition of Judgment

_Petrese B Tucker_
Signature of Judge

Judge Petrese B. Tucker, United States District Court, EDPA
Name and Title of Judge

_April 11, 2022_
Date

AO 245B (Rev. 02/18)   Judgment in a Criminal Case
Sheet 1A

| | | Judgment—Page | 2 | of | 9 |

DEFENDANT:  KHALEEF HUSKEY
CASE NUMBER:  DPAE2:20CR00219-2

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| | COMMERCE, AIDING AND ABETTING | | |
| 18:924(c)(1)(A) AND 18: | CARRYING, USING AND BRANDISHING A | 1/14/2020 | 5s |
| 2 | FIREARM DURING AND IN RELATION TO A | | |
| | CRIME OF VIOLENCE, AIDING AND ABETTING | | |

AO 245B (Rev. 02/18) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page __3__ of __9__

DEFENDANT: KHALEEF HUSKEY
CASE NUMBER: DPAE2:20CR00219-2

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

As to Counts 1, 4, 5 the defendant is incarcerated for a term of 100 months with credit for time served. On counts 1 and 4, (16) months such terms to be served concurrently, on count 5, (84) months such a term to be served consecutively to the terms imposed on Counts 1 and 4, with a total of 100 months incarceration.

☑ The court makes the following recommendations to the Bureau of Prisons:

Recommends vocational training and for the defendant to be placed in a BOP closest to Philadelphia as possible.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m.   on _____.

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____.

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 02/18)   Judgment in a Criminal Case
　　　　　　　　　　Sheet 3 — Supervised Release

| | | Judgment—Page | 4 | of | 9 |

DEFENDANT:   KHALEEF HUSKEY
CASE NUMBER:   DPAE2:20CR00219-2

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

Defendant is to be placed on supervised release for a term of (5) years on count 5 with conditions. Supervised release to be served on counts 1 and 4 for (3) years to be served concurrently to count 5.

## MANDATORY CONDITIONS

1.　　You must not commit another federal, state or local crime.
2.　　You must not unlawfully possess a controlled substance.
3.　　You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
　　　　　☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4.　　☑ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5.　　☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6.　　☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7.　　☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 02/18)   Judgment in a Criminal Case
                       Sheet 3A — Supervised Release

Judgment—Page ___5___ of ___9___

DEFENDANT:  KHALEEF HUSKEY
CASE NUMBER:  DPAE2:20CR00219-2

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____          Date _____

AO 245B (Rev. 02/18)   Judgment in a Criminal Case
Sheet 3B — Supervised Release

Judgment—Page   6   of   9

DEFENDANT:   KHALEEF HUSKEY
CASE NUMBER:   DPAE2:20CR00219-2

## ADDITIONAL SUPERVISED RELEASE TERMS

It is respectfully recommended that sentence in this case be imposed as follows:
Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant,
Khaleef Huskey, is hereby committed to the custody of the Bureau of Prisons to be imprisoned for
a term of 16 months on each of Counts 1 and 4, such terms to be served concurrently, and a term
of imprisonment of 84 months on Count 5, such a term to be served consecutively to the terms
imposed on Counts 1 and 4, to the extent necessary to produce a total term of 100 months.
Upon release from imprisonment, the defendant shall be placed on supervised release for a term
of 3 years on each of Counts 1 and 4 and a term of 5 years on Count 5, such terms to run
concurrently.

Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in
person to the probation office in the district to which he is released.
While on supervised release, the defendant shall not commit another federal, state, or local crime,
shall be prohibited from possessing a firearm or other dangerous device, shall not possess an illegal
controlled substance, shall submit to the collection of a DNA sample at the direction of the United
States Probation Office, and shall comply with the other standard conditions that have been
adopted by this Court. The defendant must submit to one drug test within 15 days of
commencement of supervised release and at least two tests thereafter as determined by his
probation officer.

In addition, the defendant shall comply with the following special conditions:
The defendant shall refrain from the illegal possession and/or use of drugs and shall
submit to urinalysis or other forms of testing to ensure compliance. It is further
ordered that the defendant shall participate in drug treatment at the discretion of the
U.S. Probation Office and abide by the rules of any such program until satisfactorily
discharged.

The defendant shall participate in a program at the direction of the U.S. Probation
Office aimed at learning a vocation or improving his literacy, education level, or
employment skills in order to develop or improve skills needed to obtain and
maintain gainful employment. The defendant shall remain in any recommended
program until completed or until such time as the defendant is released from
attendance by the U.S. Probation Office.

The defendant shall provide the U.S. Probation Office with full disclosure of his
financial records to include yearly income tax returns upon the request of the U.S.
Probation Office. The defendant shall cooperate with his probation officer in the
investigation of his financial dealings and shall provide truthful monthly statements
of his income.

The defendant is prohibited from incurring any new credit charges or opening
additional lines of credit without the approval of his probation officer unless the
defendant follows a payment schedule for any fine or restitution obligation. The
defendant shall not encumber or liquidate interest in any assets unless it is in direct
service of the fine or restitution obligation or otherwise has the express approval of
the Court.

AO 245B (Rev. 02/18)   Judgment in a Criminal Case
                       Sheet 3C — Supervised Release

DEFENDANT:  KHALEEF HUSKEY
CASE NUMBER:  DPAE2:20CR00219-2

## ADDITIONAL STANDARD CONDITIONS OF SUPERVISION

It is further ordered that the defendant shall make restitution in the total amount of $500.00. The Court will waive interest. Payments should be made payable to Clerk, U.S. District Court, for distribution to the following:

Dollar & Smoker's Point
5401 Chester Avenue
Philadelphia, Pennsylvania 19143

The defendant's restitution obligation shall not be affected by any restitution payments made by any other conspirator in this case, except that no further payments shall be required after the sum of the amounts actually paid by all defendants has fully satisfied this loss.

The following defendant in the following case may be subject to a restitution order to the same victim: Rasheen Mainor - 0313 2:20CR00219-001

The defendant shall notify the United States Attorney for this district within 30 days of any change of mailing address or residence that occurs while any portion of the restitution remains unpaid. The Court finds that the defendant does not have the ability to pay a fine. The Court will waive the fine in this case.

It is further ordered that the defendant shall pay to the United States a total special assessment of $300.00.

The restitution and special assessment are due immediately. It is recommended that the defendant participate in the Bureau of Prisons Inmate Financial Responsibility Program and provide a minimum payment of $25.00 per quarter towards the amounts due. In the event the amounts due are not paid prior to the commencement of supervision, the defendant shall satisfy the amounts due in monthly installments of not less than $25.00, to commence 45 days after release from confinement.

AO 245B (Rev. 02/18)   Judgment in a Criminal Case
              Sheet 5 — Criminal Monetary Penalties

Judgment — Page    __8__   of    __9__

DEFENDANT: KHALEEF HUSKEY
CASE NUMBER: DPAE2:20CR00219-2

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| TOTALS | $ 300.00 | $ | $ 0.00 | $ 500.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

    If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Dollar & Smoker's Point | $500.00 | $500.00 | |
| 5401 Chester Avenue | | | |
| Philadelphia, Pennsylvania 19143 | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| TOTALS | $ 500.00 | $ 500.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the    ☐ fine   ☑ restitution.

    ☐ the interest requirement for the    ☐ fine   ☐ restitution is modified as follows:

\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B  (Rev. 02/18)  Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page __9__ of __9__

DEFENDANT:  KHALEEF HUSKEY
CASE NUMBER:  DPAE2:20CR00219-2

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A   ☑  Lump sum payment of $ ____300.00____  due immediately, balance due

    ☐  not later than _____ , or
    ☐  in accordance with  ☐  C,   ☐  D,   ☐  E, or   ☑  F below; or

B   ☐  Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C   ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
        _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D   ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
        _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
        term of supervision; or

E   ☐  Payment during the term of supervised release will commence within ___45___ (e.g., 30 or 60 days) after release from
        imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   ☑  Special instructions regarding the payment of criminal monetary penalties:

        It is recommended that the defendant participate in the Bureau of Prisons Inmate Financial Responsibility Program
        and provide a minimum payment of $25.00 per quarter towards the amounts due. In the event the amounts due
        are not paid prior to the commencement of supervision, the defendant shall satisfy the amounts
        due in monthly installments of not less than $25.00, to commence 45 days after release from confinement.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑  Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount,
    and corresponding payee, if appropriate.
    Defendant is ordered to pay restitution in the amount of $500.00 to be joint with Rasheen Mainor 20-cr-219-1.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☑  The defendant shall forfeit the defendant's interest in the following property to the United States:
    One (1) Sig Sauer P226, 9mm semi-automatic pistol, bearing serial number
    UU725267; b) Ten (10) live rounds of 9mm ammunition; and c) Any and all other ammunition

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.